UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Lewis Mills, | ) | C/A No.: 9:13-cv-01865-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Warden Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before this Court for a review of United States Magistrate Judge Bristow Marchant's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) DSC, and filed on August 20, 2013. Petitioner John Lewis Mills ("Petitioner") brought this action pursuant to 28 U.S.C. § 2254 on July 9, 2013. ECF No. 1. Petitioner is currently being held in state custody at the Lieber Correctional Institution and seeks habeas relief for state convictions. Magistrate Judge Marchant recommends that this Court dismiss Petitioner's § 2254 Petition without prejudice and without issuance and service of process upon respondent, because Petitioner has failed to allege facts setting forth a cognizable claim as Petitioner still has viable state law remedies that have not yet been exhausted. ECF No. 8. No objections to the Report and Recommendation have been filed, and the time to object has passed.[1]

---

[1] Objections to the Report and Recommendation were due by September 6, 2013. The court clerk forwarded a copy of the Report and Recommendation to Petitioner on August 20, 2013, along with a notice that stated:
> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. . . . "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'". . . Specific

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with

---

written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. . . . **Failure to timely file specific objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such a Recommendation.**
Report and Recommendation. ECF No. 8 (citations omitted).

instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

After a careful review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED without prejudice.  This Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September  20 , 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").